1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9 VICTOR A. NOTTOLI, et al.,                          Case No. 1: 13-mc-0049-BAM

10              Movants,                              **ORDER ON EX PARTE APPLICATION
                                                      TO GRANT EXTENSION OF TIME TO**
11       v.                                           **RESPOND TO MOTION**

12 UNITED STATES OF AMERICA,

13              Defendant.

14 _____ /

15

16        On September 12, 2013, Movants Victor A. Nottoli, Jun Wu, Dezheng Wu, The Only Source

17 Corporation, BioNaturals, Inc., and Victor A. Nottoli and Jun Wu Living Trust (collectively

18 "Movants") filed a motion pursuant to Fed.R.Crim.P. 41 (g) and 21 U.S.C. §853(e) for return of

19 property seized through various seizure warrants.  On September 19, 2013, Defendant United States

20 ("government" or "Defendant") filed an ex parte application to reset the hearing.  Defendant argued

21 that the motion must be treated as a civil complaint governed by the Federal Rules of Civil Procedure

22 which requires proper service and notice pursuant to Fed.R.Civ.P. 4(i) and 12(a)(2).  Movants filed an

23 opposition to the ex parte application.  The Court requested the government file a reply to the

24 opposition and stayed the action pending resolution of the ex parte application for extension.  (Doc.

25 10.)  The Court deems the application appropriate for ruling without oral argument.  Local Rule

26 230(g).  Having considered the moving, opposition, and reply papers, as well as the entire record, the

27 Court rules as follows.

28

1

1

**Brief Factual Overview**

2      On June 25, 2013, this Court issued dual criminal and civil seizure warrants for funds in nine

3   separate business and personal bank accounts held by Victor A. Nottoli, Jun Wu, Dezheng Wu, The

4   Only Source Corporation, BioNaturals Inc., and the Victor A. Nottoli and Jun Wu Living Trust.  The

5   motion seeks the return of the bank accounts pursuant to Fed.Crim.R.P. 41(g).  Movants represent that

6   no notice of the seizure has been given, no administrative forfeiture has been instituted, and no

7   criminal indictment (to include criminal forfeiture) has been returned.

8                    **Rule 41(g) When no Criminal Proceeding is pending**

9      Fed.R.Crim.P. 41(g) provides that a person "aggrieved by an unlawful search and seizure of

10  property or by the deprivation of property may move for the property's return." A motion for return of

11  property pursuant to Rule 41(g) may be granted if: (a) the defendant is entitled to lawful possession of

12  the seized property; (b) the property is not contraband; (c) the property is not subject to forfeiture; and

13  (d) the government no longer needs the property as evidence. *United States v. Fitzen*, 80 F.3d 387, 388

14  (9th Cir. 1996).  If a motion for return of property is made while a criminal proceeding is pending, the

15  burden is on the movant to show that he is entitled to the property. *U.S. v. Van Cauwenberghe*, 934

16  F.2d 1048, 1061 (9th Cir.1991).

17      Here, no criminal proceeding is pending.  The government has yet to institute any criminal

18  proceedings related to the property seized.  The government argues that where no criminal proceeding

19  is pending, the Court must deem the motion as a civil complaint, to which the full panoply of Rules of

20  Civil Procedure apply.  The government argues that Rule 4(i) and Rule 12(a)(2) require formal service

21  of summons and a responsive pleading 60 days after service.

22      Indeed, the Ninth Circuit has held that "[i]f a Rule [41(g) ] motion is filed when no criminal

23  proceeding is pending, the motion is treated as a civil complaint seeking equitable relief." *United*

24  *States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003).  In *Ritchie*, a claimant filed a Rule 41(g) motion,

25  and the government filed an opposition to the Rule 41(g) motion.  The Court held that where there

26  were no criminal proceedings pending at the time of filing, the district court properly treated the

27  motion as a civil complaint governed by the Federal Rules of Civil Procedure.

28

1    In *United States v. Ibrahim*, 522 F.3d 1003, 1008 (9th Cir. 2008), the Ninth Circuit held that the

2    district court correctly treated the movant's Rule 41(g) motion as a regular civil complaint. *Id.* at

3    1007-08. Citing *Richie,* the Court stated that Rule 41(g) "provides little guidance as to what procedure

4    the courts are required to follow," but once a motion is treated as a civil complaint, the Federal Rules

5    of Civil Procedure "apply to each stage of the proceedings, the same way they would in the civil

6    context." *Id*. at 1008.

7    Neither *Ritchie* nor *Ibrahim* specifically stated that summons and service are required. Neither

8    *Ibrahim* nor *Ritchie* specifically held that that service of process under Rule 4 is required to invoke the

9    Court's jurisdiction. Similarly, *Kardoh v. United States,* 572 U.S. 697 (9th Cir. 2009) said that a Rule

10   41(g) motion should be treated as a civil complaint when no criminal proceeding is pending. But it,

11   likewise, did not state Rule 4 applies.

12   Two district court cases have taken these implicit rulings and explicitly extended them to Rule

13   4. Noting that a Rule 41(g) motion when no criminal action is pending is rare, one court held that

14   "[a]ny failure to serve a summons or give the Government 60 days to respond appears to have

15   stemmed only from [movant's] confusion over the procedures governing this relatively rare motion."

16   *In re Seizure of $958,921 Worth of LED Televisions and $14 Worth of Energy Star Stickers,* 2013 WL

17   3490743, 2 (C.D.Cal.2013). The Court required service and ordered, "The Government shall have 60

18   days to respond following proper service in the form of whatever answer or motion it deems

19   appropriate." In *Cromwell v. United States,* 2013 WL 323261 (N.D. Ca. 2013), the court held that

20   "[b]ecause Plaintiffs have cited no authority indicating that the service-of-process rules in the Federal

21   Rules of Civil Procedure should not be applied in these circumstances, the Court agrees with

22   Defendants that service of Plaintiffs' motion/complaint should be effected in accordance with Rules

23   4(i)(1) and 12(a)(2)."[1]

24   Thus, the Ninth Circuit has stated that in cases procedurally postured as the current case, this

25   Court must treat the motion filed under Fed.R.Crim.P. 41(g) as a complaint. Indeed, movants concede

26

27   _____

[1] Movants also cite to proceedings pending before Magistrate Judge Rosenbleth in the Central District of California on the same issue. The Court does not find the transcript persuasive as the proceedings were interim and not final. Therefore, the

28   Court will not discuss it further.

3

1    this Ninth Circuit authority.  Thus, the Federal Rules of Civil Procedure apply when no criminal action

2    is pending.

3            Movants argue that Fed.R.Civ.P. 4 and 12, nonetheless, do not apply. Movants cite *Mason v.*

4    *United States*, 1990 WL 6118 (E.D. Pa 1990) for the proposition that "it is not clear" that Rule 4 is

5    applicable.  In *Mason,* the court rejected the government's contention that Rule 4 applied in a similar

6    seizure situation.  The court stated that the government had actual notice when the claimant filed a

7    claim and posted a bond.  The court refused to allow the government to rely on "technicalities:"

8    "When the property of a citizen who is not charged with any offense is seized, generally it would seem

9    to be more appropriate for the government to proffer an explanation for the retention of the property

10   than to interpose technical objections when a claim is filed for its return."

11            However, *Mason* is an out-of-circuit case which has no precedential authority, in light of

12   contrary Ninth Circuit mandatory authority and district court persuasive authority.

13            Movants further argue that this action is a quasi in rem proceeding with only the right of

14   possession to tangible property at issue.  Movants' argue that, as a quasi in rem proceeding, the

15   Supplemental Rules of Civil Procedure apply.  The Supplemental Rules do not require summons and

16   complaint under Rule 4.

17            Civil forfeiture actions are governed by statute, the Supplemental Rules for Admiralty and

18   Maritime claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure.  *U.S. v.*

19   *$133,420.00 in U.S. Currency*, 672 F.3d 629 (9th Cir. 2012). "Civil in rem forfeitures are governed by

20   the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

21   Procedure." *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1117 (9th Cir.2004).

22            The motion filed by movants, however, is not an in rem or quasi in rem action cognizable

23   under the Supplemental Rules.  The motion seeks to compel the United States to promptly return

24   certain assets seized. (Doc. 2-1)  The action is in personam and is against the United States to compel

25   the United States to return property.  The Supplemental Rules simply do not apply to this motion.

26            This Court is bound by the Ninth Circuit which has ruled in cases procedurally postured as this

27   case.  The Federal Rules of Civil Procedure apply.  All of the rules apply, as the Ninth Circuit has

28   stated that the Federal Rules of Civil Procedure "apply to each stage of the proceedings, the same way

they would in the civil context." *Ibrahim*, 522 F.3d at 1008.  The Court shares the movants' concerns about the existence of an expedited, prompt post-seizure hearing which satisfies Constitutional Due Process. Forfeiture is "harsh and oppressive" and thus, is "not favored by the courts." *See U.S. v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1069 (9th Cir.1994), superseded by statute as stated in *United States v. $80,180.00,* 303 F.3d 1182 (9th Cir. 2002). The Ninth Circuit is "particularly wary of civil forfeiture statutes" because they "impose 'quasi-criminal' penalties" but do not provide property owners with the degree of procedural protections provided to criminal defendants.   The procedure chosen by movants is not available to them.  One such procedure is in place for the protection of rights in this context.  See 18 U.S.C. §983.

## ORDER

For the foregoing reasons, the ex parte Application by the government is GRANTED.  The Court construes the Movants' Motion for Return of Property as a civil complaint to which the Federal Rules of Civil Procedure apply.  The STAY is lifted.  The hearing date of October 11, 2013 is VACATED.  It is further ORDERED that Movants shall:

1.    Pay the balance of the filing fee;

2.    Effect service in accordance with the Federal Rules of Civil Procedure (absent a stipulation by the parties).

The Clerk of the Court is DIRECTED as follows:

1.  Convert this case to a regular civil case and assign a civil case number;

2.  Upon payment of the full filing fee, issue summons and issue all case opening documents including the order setting a scheduling conference; and

3.  Randomly assign a District Judge and assign the case to Magistrate Judge Barbara A. McAuliffe.

The Government shall have 60 days to respond following proper service.

IT IS SO ORDERED.

Dated:    **September 25, 2013**                    /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE